

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-24-00249-CR

**ALEXANDER GONZALEZ PALOMARES, APPELLANT**

**V.**

**THE STATE OF TEXAS, APPELLEE**

On Appeal from the 46th District Court
Wilbarger County, Texas
Trial Court No. 12,889, Counts I, II, & III; Honorable Cornell Curtis, Presiding

December 11, 2024

## ORDER OF ABATEMENT AND REMAND

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Appellant, Alexander Gonzales Palomares, appeals his convictions for aggravated assault[1] and assault family violence.[2]  The trial court sentenced Appellant to eighty years of confinement for aggravated assault and to seventy-five years and twenty years of confinement for two counts of assault family violence.  Appellant's brief was originally due October 16, 2024, but we granted Appellant's appointed counsel an extension to

---

[1] *See* TEX. PENAL CODE ANN. § 22.02(a)(2).

[2] *See* TEX. PENAL CODE ANN. § 22.01(b).

November 15 to file a brief due to his caseload. No brief was filed by this deadline. By letter of November 22, 2024, we admonished counsel that failure to file a brief by December 2 would result in the appeal being abated and the cause remanded to the trial court for further proceedings without further notice. To date, Appellant's counsel has neither filed a brief nor had any further communication with this Court.

Accordingly, we abate this appeal and remand the cause to the trial court for further proceedings. *See* TEX. R. APP. P. 38.8(b)(2), (3). Upon remand, the trial court shall determine the following:

(1) whether Appellant still desires to prosecute the appeal;

(2) whether Appellant is indigent;

(3) why a timely appellate brief has not been filed on Appellant's behalf;

(4) whether Appellant's counsel has abandoned the appeal;

(5) whether Appellant has been denied the effective assistance of counsel;

(6) whether new counsel should be appointed; and

(7) if Appellant desires to continue the appeal, the date the Court may expect Appellant's brief to be filed.

The trial court is directed to enter such orders necessary to address the aforementioned questions. So too shall it include its findings on those matters in a supplemental record and cause that record to be filed with this Court by January 10, 2025. If it is determined that Appellant desires to proceed with the appeal, is indigent, and has been denied the effective assistance of counsel, the trial court may appoint him new counsel; the name, address, email address, telephone number, and state bar number of any newly appointed counsel shall be included in the aforementioned findings.

2

Should Appellant's counsel file a brief on or before December 27, 2024, he is directed to immediately notify the trial court of the filing, in writing, whereupon the trial court shall not be required to take any further action.

It is so ordered.

Per Curiam

Do not publish.